**In re Richard W. ROSTORFER and Rhonda L. Rostorfer, Debtors.**

**Richard W. Rostorfer and Rhonda L. Rostorfer, Plaintiffs,**

**v.**

**Transland Financial Services, Inc., et al., Defendants.**

Bankruptcy No. 07–53226.
Adversary No. 13–2067.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

Aug. 30, 2013.

Michael B. Zieg, Nobile & Thompson Co., LPA, Hilliard, OH, for Plaintiffs.

Transland Financial Services, Inc., Canton, OH, pro se.

Kenneth C. Johnson, Bricker & Eckler, LLP, Columbus, OH, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO DISMISS THE PLAINTIFFS' SECOND CLAIM FOR RELIEF

JOHN E. HOFFMAN JR., Bankruptcy Judge.

Chapter 13 debtors Richard W. Rostorfer and Rhonda L. Rostorfer ("Plaintiffs") commenced this adversary proceeding by filing a complaint ("Complaint") (Doc. 1) requesting the following relief: (1) the imposition of sanctions against the Plaintiffs' mortgagee, Transland Financial Services, Inc., as well as their mortgage loan servicer, JPMorgan Chase Bank, N.A. ("Chase"), for alleged violations of the discharge injunction set forth in 11 U.S.C. § 524(a)(2); and (2) a judgment against Chase for violations of the Fair Debt Collection Practices Act ("FDCPA") that Chase allegedly committed in its capacity as a "debt collector" ("Second Claim for Relief"). This matter is before the Court on Chase's motion to dismiss the Second Claim for Relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Civil Rules(s)") for failure to state a claim upon which relief can be granted ("Motion") (Doc. 16).[1] In the Motion, Chase asserts that it is not a debt collector as the term is defined under the FDCPA. See Mot. at 2.[2]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although the Plaintiffs allege that "Chase is a 'debt collector' as defined [in the FDCPA][,]" Compl. ¶ 55, this allegation is conclusory and therefore cannot save the Second Claim for Relief from dismissal. *See Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th

---

1. The Plaintiffs also named Chase Home Finance Inc. and Chase Home Finance LLC as defendants. The Motion states that Chase Home Finance Inc. "had no involvement with the [Plaintiffs'] mortgage loan" and that Chase is the successor by merger to Chase Home Finance LLC. Mot. at 1 n.1.

2. The Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. 28 U.S.C. § 157(b)(2).

Cir.2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Hines v. Mid-First Bank*, 2013 WL 609401, at *11 (N.D.Ga. Jan. 8, 2013) ("[A]lthough Plaintiff makes a conclusory allegation that MidFirst is a 'debt collector,' she has failed to allege sufficient facts to establish a plausible claim that MidFirst is a debt collector under the terms of the FDCPA. . . .").

█ In fact, because the FDCPA excludes from its definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[,]" 15 U.S.C. § 1692a(6)(F)(iii), an entity acting in its capacity a loan servicer is not a debt collector for purposes of the FDCPA unless the debt was in default or treated as though it were in default when the entity obtained the loan for servicing. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir.2013) (holding that an entity that obtained a mortgage loan for servicing before the borrower's default was not a "debt collector" within the meaning of the FDCPA); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 360 n. 4 (6th Cir.2012) ("Although there is no statutory definition of 'loan servicer' under the [FDCPA], a loan servicer will become a debt collector under § 1692a(6)(F)(iii) if the debt was in default or treated as such when it was acquired.").

█ The Plaintiffs concede in their response to the Motion ("Response") (Doc. 17) that this Sixth Circuit law is controlling and state that they will voluntarily dismiss the Second Claim for Relief if Chase provides evidence that the debt was not in default—and that Chase did not treat the debt as though it were in default—when it acquired the loan for servicing. *See* Resp.

at 2. At this stage of the proceedings, however, Chase need not produce evidence negating the Plaintiffs' conclusory allegation that it is a debt collector. Instead, the Plaintiffs must allege facts making it appear probable that Chase was a debt collector when it acquired the loan for servicing. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 2013 WL 4081909, at *2 (6th Cir. Aug. 14, 2013) ("[Civil] Rule 8(a)(2) . . . serves a vital practical function: It prevents plaintiffs from launching a case into discovery—and from brandishing the threat of discovery during settlement negotiations—'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.' *Twombly*, 550 U.S. at 558, 127 S.Ct. 1955.").

█ The Plaintiffs allege that a representative of Chase informed them that they missed a payment on their mortgage loan in 2005, *see* Compl. ¶ 25, making it plausible that the loan was in default sometime that year. But in order to make it appear probable that Chase was a debt collector, the Plaintiffs must allege facts suggesting that Chase became the servicer of the debt at the time it was in default or treated the debt as though it were in default when it became the servicer. The Complaint, however, does not allege that Chase acquired the loan for servicing after the purported default occurred or that Chase, at the time it acquired the loan for servicing, treated it as though it were in default. The Plaintiffs, however, attempt in the Response to construct an argument that the Court may infer from the Complaint's allegations that Chase treated the debt as though it were in default as of the time it became the servicer. They suggest that Chase, in an attempt to satisfy the 2005 default, "misapplied payments made during the course of Plaintiffs' bankruptcy[,]" which the Plaintiffs commenced in

2007, and that Chase "show[ed] Plaintiffs as behind in their mortgage during their active bankruptcy." Resp. at 3. The Plaintiffs argue that this makes it "plausible that Chase was treating the loan as 'in default' when the debt was acquired." *Id.* This does not follow. According to the Complaint, the Plaintiffs' mortgage loan was originated in 2002, *see* Compl. ¶ 4, and a fair reading of the Complaint is that Chase became the servicer of the loan sometime prior to the 2005 default, possibly soon after the 2002 origination of the loan. The allegation that Chase misapplied payments during the Plaintiffs' bankruptcy case in an attempt to satisfy the 2005 default, therefore, in no way makes it probable that Chase treated the loan as though it were in default when it acquired the loan for servicing. In short, because the Complaint lacks factual allegations that, if accepted as true, would make it plausible that Chase is a debt collector, the Court must dismiss the Second Claim for Relief.

■ In the alternative, the Plaintiffs describe the Response as a motion for leave to amend the Complaint. But motions must be accompanied by, among other things, a memorandum in support. *See* Local R. Bankr.P. 9013–1(a). Lacking such a memorandum, the Response fails to describe how the Plaintiffs would amend the Complaint if they were granted leave to do so; the Response also provides no basis for an amendment. Rather, the Response merely states: "In the alternative, should this Court determine that Plaintiffs' Complaint lacks factual allegations sufficient to prevent a 12(b)(6) dismissal, that this Court grant Plaintiffs Leave to Amend their Complaint accordingly."

This statement is an insufficient request for leave to amend the Complaint. "What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend." *Begala v. PNC Bank, Ohio, Nat. Ass'n,* 214 F.3d 776, 784 (6th Cir.2000). In *Begala,* the defendant filed a motion for dismissal under Civil Rule 12(b)(6), and in their response brief the plaintiffs—as the Plaintiffs do here—sought leave to amend *in the event the district court concluded that the complaint could not survive the motion to dismiss.* The district court dismissed the complaint without granting the plaintiffs leave to amend and also denied the plaintiffs' motion for reconsideration, "noting that if the plaintiffs had sought to amend prior to the court's consideration of the defendant's motion to dismiss, the court would have considered the defendant's motion in light of the proposed amendments[,]" but that "[a]bsent a request for leave ... the defendant was entitled to a review of the complaint as filed" because "Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id.* The Sixth Circuit affirmed the district court. *See id. See also Sims v. City of Columbus,* 2012 WL 4921148, at *6 (S.D.Ohio Oct. 16, 2012) ("At [the] point [that the defendant filed a motion to dismiss], Plaintiff could have filed an amended complaint without having to obtain leave of Court at any time within 21 days of service of that motion. *See* Fed.R.Civ.P. 15(a)(1)(b). Instead of filing an amended complaint, however, the ... Plaintiff filed his memorandum in opposition to the motion to dismiss in which he stated that if the Court were to find his complaint deficient ... the Court should allow him to amend his pleading.... Courts have routinely recognized that such a generic, contingent request is insufficient to obtain leave to amend [and][t]his Court has previously followed the court of appeals' rationale in rejecting throwaway re-

quests for amendment related to motion to dismiss.").

The Court accordingly declines to grant the Plaintiffs leave to amend the Complaint. In light of the Plaintiffs' failure to file a proper motion to amend the Complaint, the Court has the discretion to dismiss the Second Claim for Relief with prejudice. *See CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW),* 645 F.3d 785, 795 (6th Cir.2011) ("Ordinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects.... But if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."). The Court, however, exercises its discretion to dismiss the Second Claim for Relief without prejudice to any right the Plaintiffs may have to file a proper motion for leave to amend the Complaint within 14 days of this order.

**IT IS SO ORDERED.**